Case 1:11-cv-02805-BMC    Document 1    Filed 06/10/11    Page 1 of 12

FILED
IN CLERK'S OFFICE
U.S DISTRICT COURT E.D.N.Y

★ JUN 10 2011 ★

BROOKLYN OFFICE

RUBIN, FIORELLA & FRIEDMAN, LLP
James E. Mercante
Keith A. Brady
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendants
*Enko Transportation, LLC*
*Bob Henry*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV 11 - 2805**

AMERCIAN BANKERS INSURANCE COMPANY
A/S/O OCEAN MARINE DEVELOPMEN CORP.,
and OCEAN MARINE DEVELOPMENT CORP.,

Civ. No.: 11 cv

Plaintiffs,

**NOTICE OF REMOVAL**

-against-

ENKO TRANSPORTATION, LLC., ISLAND TOW-
ING & SALVAGE, INC., and BOB HENRY,

COGAN, J.

Defendants.

**NO SUMMONS ISSUED**

TO: The Judges of the United States District Court
for the Eastern District of New York

**PLEASE TAKE NOTICE** that Defendants, Enko Transportation, LLC, Island Towing & Salvage, Inc., and Bob Henry, hereby remove the above-entitled action from the Supreme Court of the State of New York, County of Nassau to the United States District Court For the Eastern District of New York, pursuant to 28 U.S.C. §§1333, 1441 and 1446.

In support of this Notice of Removal, Defendants state, upon information and belief, as follows:

1. Plaintiffs filed an Amended Complaint in the Supreme Court for the State of New York, County of Nassau bearing Index Number 3835/2011. Plaintiffs American

Bankers Insurance Company A/S/O Ocean Marine Development Corp. ("American Bankers"), and Ocean Marine Development Corp.("Ocean Marine") allege in their complaint that on or about November 5, 2008, tug JENNY ANNE was towing a barge, owned by Ocean Marine and insured by American Bankers, on the navigable waters of Manhasset Bay, Long Island Sound, County of Nassau, State of New York, when, during the tow, the barge filled with water and sank to the bottom of Manhasset Bay. American Bankers maintains a cause of action to enforce its right to subrogation against defendants for their alleged negligence and breach of contract and seek reimbursement for damages it paid to its insured Ocean Marine for physical damage to the barge and expenses and costs incurred in raising the vessel. Ocean Marine maintains a separate cause of action seeking damages for the loss of property not covered under its marine insurance policy with American Bankers. A copy of the Summons and Complaint is annexed hereto as **Exhibit "A."**

2. Defendants received a copy of the initial pleading by personal service on **May 11, 2011.**

3. Defendants seek removal of this action pursuant to 28 U.S.C. § 1441(b).

4. The District Court has original jurisdiction over this action pursuant to 28 U.S.C.§ 1333 because the Amended Complaint alleges that while defendants tug was towing plaintiffs' barge it filled with water and sank. The incident occurred on the navigable waters of Manhasset Bay, New York and commercial towing is a traditional maritime activity satisfying the requirements for invoking the Court's Admiralty Jurisdiction.

5. Plaintiff American Bankers is a corporation licensed to do business in the State of New York, with a principle place of business located at 11222 Quail Rosst Drive, Miami, Florida.

6. Plaintiff Ocean Marine is a New York Corporation with its principle place of business located at 256 Orinoco Drive, Suite D, Brightwaters, New York..

7. Defendant Enko Transportation, LLC is an inactive foreign corporation that was licensed to do business in the State of New York. Its last known business address was at 70 Hudson Street, Hoboken, New Jersey 07030.

8. Defendant Bob Henry is a resident of the State of New York and resides at 1039 Post Road, Staten Island, NY

9. Venue is proper in the United States District Court for the Eastern District of New York because suit was filed in Nassau County and the cause of action arose within this District.

10. Defendants request for removal is made within 30 days of receipt of the initial pleading, which was received on or about **May 11, 2011.**

11. All defendants consent to Removal.

12. After filing of the Notice of Removal in the United States District Court for the Eastern District of New York, written notice of the filing of this Notice of Removal will be given by attorneys for defendants to plaintiff's attorney at his last known address, as provided by law, and copies of the Notice of Removal will be filed with the Clerk of the Supreme Court of New York, County of Nassau.

**WHEREFORE**, Defendants pray that this court remove this action from the Supreme Court of the State of New York, County of Nassau in accordance with 28 U.S.C. § 1446 and for any other relief the court deems just and proper.

Dated: New York, New York
June 10, 2011

                Respectfully submitted,

                RUBIN, FIORELLA & FRIEDMAN, LLP
                *Attorneys for Defendants*

                By: _____
                      Keith A. Brady

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU
------------------------------------------------------------------X
AMERICAN BANKERS INSURANCE COMPANY     Index No.: 3835/2011
A/S/O OCEAN MARINE DEVELOPMENT CORP.
and OCEAN MARINE DEVELOPMENT CORP.,

**AMENDED COMPLAINT**

      Plaintiffs,

  -against-

ENKO TRANSPORTATION, LLC, ISLAND TOWING
& SALVAGE, INC. and BOB HENRY,

      Defendants.
------------------------------------------------------------------X

  Plaintiffs American Bankers Insurance Company a/s/o Ocean Marine Development Corp. ("American"), and Ocean Marine Development Corp. ("Ocean"), by their attorneys, Karaahmet Luz & Greenberg LLP, as and for their Amended Complaint against Defendant ENKO Transportation, LLC ("ENKO"), Island Towing and Salvage, Inc. ("Island Towing"), and Bob Henry, allege as follows:

  1.  This is an action for negligence, breach of contract, and alter-ego liability against ENKO, Island Towing and Bob Henry.

## PARTIES

  2.  American is a corporation licensed to do business in the State of New York, with its principal place of business at 11222 Quail Roost Drive, Miami, Florida.

  3.  Ocean is a New York corporation with its principal place of business at 256 Orinoco Drive, Suite D, Brightwaters, New York.

  4.  On information and belief, ENKO is a New Jersey limited liability company, licensed to do business in the State of New York, with its principal place of business at 70 Hudson Street, Suite 4A, Hoboken, New Jersey.

5. On information and belief, Island Towing is a New York corporation with its principal place of business at 1039 Post Avenue, Staten Island, New York.

6. On information and belief, Mr. Henry is a resident of the State of New York and the owner of both ENKO and Island Towing.

## GENERAL ALLEGATIONS

7. American is an insurance carrier.

8. American issued an insurance policy (the "Policy"), # LF3530, to Ocean.

9. Pursuant to the Policy, American promised to pay certain claims against Ocean and in exchange therefor became subrogated to Ocean's rights against tortfeasors and other third parties.

10. In October 2008, Ocean entered into a contract with Mr. Henry of Island Towing to tow Ocean's barge from the dock at Manhasset Bay, located on the north shore of Long Island, New York, to the south shore of Long Island, New York. No specific date had been set for the barge to be towed.

11. On the barge was certain property belonging to Ocean, including a crane and related equipment. This property was not covered by the Policy.

12. On November 5, 2008, Joseph Griffin, the owner of Ocean, received a telephone call from Mr. Henry, informing him that he was about to tow Ocean's barge with a tug owned by ENKO. Mr. Henry operated ENKO's tug on that day without any other crew members.

13. Mr. Griffin objected to the barge being towed on that day due to poor weather conditions.

2

14. Despite Mr. Griffin's protestations, Mr. Henry proceeded to tow the barge with ENKO's tug and, due to poor weather conditions and Mr. Henry's negligence, it sank.

15. On information and belief, Mr. Henry towed the barge at an angle at to great a rate of speed, dragging the bow of the barge under water and causing it to sink.

16. Custom Marine raised the barge and towed it from Manhasset Bay, New York to Babylon, New York without any water intruding into the barge.

17. After the barge was raised, salvage report was issued on the accident. According to the salvage report, the barge was seaworthy when it sank and it had no breaches in its hull.

18. ENKO negligently and recklessly attempted to tow the barge at an angle, pulling it too quickly, in unfavorable weather conditions and without enough crew members to oversee the process.

19. Due to Defendants' negligence and recklessness, the barge sank.

20. Ocean submitted a claim under the Policy with American for the total amount of its insured damage, $65,000.00.

21. American has reimbursed Ocean in the full amount of $65,000.00. American has duly demanded reimbursement from Defendants for the damage caused and is subrogated to Ocean's claim in that amount.

22. Despite due demand, Defendants have failed and refused to reimburse American for the damage in the amount of $65,000.00.

23. In addition to its covered losses, Ocean suffered uninsured expenses and losses as a result of Defendants' negligence, in the amount of $61,850.00. Ocean's expenses and losses are as follows: $30,000.00 to begin salvage operations and clean up efforts; $17,500.00 to

3

replace the crane from the barge; $2,350.00 to have the crane moved by truck to Ocean's premises; $5,500.00 to replace the barge's pump; $1,500.00 to replace the crane's clamshell bucket; and $5,000.00 in repairs made by Ocean to the barge.

24. Despite due demand, Defendants have failed and refused to reimburse Ocean for its uninsured losses in the amount of $61,850.00.

25. Despite due demand, Defendants have failed and refused to reimburse Plaintiffs for their insured and uninsured losses in the total amount of $126,850.00.

### FIRST CAUSE OF ACTION:
### (Negligence by ENKO Causing Damage to American)

26. Plaintiffs repeat paragraphs 1 through 25.

27. ENKO owed a duty to American to tow the barge safely.

28. ENKO breached this duty by its negligent and reckless operation of the tug used to tow the barge, specifically, by pulling the barge at an angle, pulling it too quickly, in unfavorable weather conditions and without enough crew members to oversee the process.

29. The sinking of the barge was caused solely by the negligence of ENKO without negligence on the part of American.

30. As a result of ENKO's negligence and recklessness, American has been damaged in the amount of $65,000.00.

31. By reason of the foregoing, American has been damaged in the amount of $65,000.00.

### SECOND CAUSE OF ACTION:
### (Negligence by Mr. Henry Causing Damage to American)

32. Plaintiff repeats paragraphs 1 through 31.

33. Mr. Henry owed a duty to American to tow the barge safely.

4

34. Mr. Henry breached his duty by his negligent and reckless operation of the tug used to tow the barge, specifically, by pulling the barge at an angle, pulling it too quickly, in unfavorable weather conditions and without enough crew members to oversee the process.

35. The sinking of the barge was caused solely by the negligence of Mr. Henry without negligence on the part of American.

36. As a result of Mr. Henry's negligence and recklessness, American has been damaged in the amount of $65,000.00.

37. By reason of the foregoing, American has been damaged in the amount of $65,000.00.

### THIRD CAUSE OF ACTION:
### (Negligence By ENKO Causing Damage to Ocean)

38. Plaintiffs repeat paragraphs 1 through 37.

39. ENKO owed a duty to Ocean to tow the barge safely.

40. ENKO breached this duty by its negligent and reckless operation of the tug used to tow the barge, specifically, by pulling the barge at an angle, pulling it too quickly, in unfavorable weather conditions and without enough crew members to oversee the process.

41. The sinking of the barge was caused solely by the negligence of ENKO without negligence on the part of Ocean.

42. As a result of ENKO's negligence and recklessness, Ocean has been damaged in the amount of $61,850.00.

43. By reason of the foregoing, Ocean has been damaged in the amount of $61,850.00.

5

## FOURTH CAUSE OF ACTION:
### (Negligence By Mr. Henry Causing Damage to Ocean)

44. Plaintiffs repeat paragraphs 1 through 43.

45. Mr. Henry owed a duty to Ocean to tow the barge safely.

46. Mr. Henry breached this duty by his negligent and reckless operation of the tug used to tow the barge, specifically, by pulling the barge at an angle, pulling it too quickly, in unfavorable weather conditions and without enough crew members to oversee the process.

47. The sinking of the barge was caused solely by the negligence of Mr. Henry without negligence on the part of Ocean.

48. As a result of Mr. Henry's negligence and recklessness, Ocean has been damaged in the amount of $61,850.00.

49. By reason of the foregoing, Ocean has been damaged in the amount of $61,850.00.

## FIFTH CAUSE OF ACTION:
### (Breach of Contract with Ocean)

50. Plaintiffs repeat paragraphs 1 through 49.

51. Ocean entered into a contract with Island Towing to have it tow Ocean's barge safely from the north shore of Long Island, New York, to the south shore of Long Island, New York. Island Towing used ENKO to tow the barge without Ocean's knowledge.

52. ENKO caused the barge to sink, in breach of the contract, causing $61,850.00 in uninsured losses to Ocean.

53. Ocean complied in all respects with its obligations under the contract.

6

54. Although Ocean has demanded payment for the damage, Island Towing has failed and refused to pay Ocean, and the amount of $126,850.00 remains unpaid and outstanding.

55. By reason of the foregoing, Island Towing has breached its contract with Ocean, all to Ocean's damage in the amount of $126,850.00 plus interest thereon.

## SIXTH CAUSE OF ACTION:
### (Alter-ego liability against Island Towing)

56. Plaintiffs repeat paragraphs 1 through 55.

57. Mr. Henry, as the owner of Island Towing and of ENKO exercised complete domination of the corporations in respect to the towing of Ocean's barge. Island Towing and ENKO are both involved in the towing of barges.

58. Such domination was used to commit a fraud on Ocean. Ocean entered into a contract with Island Towing to tow its barge but Mr. Henry breached the contract and used a tug belonging to ENKO instead. ENKO's negligent towing of Ocean's barge caused it to sink and resulted in injury to Ocean in the amount of $126,850.00.

59. By reason of the foregoing, Ocean has been damaged in the amount of $126,850.00 plus interest thereon.

60. WHEREFORE, Plaintiffs demand judgment as follows:

(a) On the first cause of action, judgment against ENKO, in favor of American, in the amount of $65,000.00;

(b) On the second cause of action, judgment against Mr. Henry, in favor of American, in the amount of $65,000.00;

7

(c) On the third cause of action, judgment against ENKO, in favor of Ocean, in the amount of $61,850.00;

(d) On the fourth cause of action, judgment against Mr. Henry, in favor of Ocean, in the amount of $61,850.00;

(e) On the fifth cause of action, judgment against Island Towing, in favor of Ocean, in the amount of $126,850.00;

(f) On the sixth cause of action, judgment against Island Towing, in favor of Ocean, in the amount of $126,850.00;

(g) Costs and fees;

(h) Interest as allowed by law; and

(i) such other and further relief as the Court may deem just and proper.

April __, 2011

KARAAHMET LUZ & GREENBERG LLP

By: _____
Luke Tynan

*Attorneys for Plaintiffs*

370 Lexington Avenue, 24th Floor
New York, New York 10017
(212) 681-8313

8