628-11900

RUBIN, FIORELLA & FRIEDMAN, LLP
James E. Mercante, Esq.
Keith A. Brady, Esq.
292 Madison Avenue, 11th Floor
New York, New York 10017
(212) 953-2381
Attorneys for Defendants
*Enko Transportation, LLC*
*Bob Henry*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
AMERCIAN BANKERS INSURANCE COMPANY
A/S/O OCEAN MARINE DEVELOPMEN CORP.,
and OCEAN MARINE DEVELOPMENT CORP.,

11-cv-2805 (BMC)

Plaintiffs,

**ANSWER TO**
**AMENDED COMPLAINT**

-against-

ENKO TRANSPORTATION, LLC., ISLAND TOW-
ING & SALVAGE, INC., and BOB HENRY,

Defendants.

Defendants, ENKO TRANSPORTATION, LLC. ("ENKO"), and BOB HENRY

("HENRY"), by their attorneys, RUBIN, FIORELLA & FRIEDMAN LLC, as and for their Answer

to Amended Complaint. alleges, upon information and belief, as follows:

1.      The statement contained in paragraph 1 of the Amended Complaint is a conclusion of law

and requires no answer.

**PARTIES**

2.      Defendants deny knowledge or information sufficient to form a belief as to the truth of

the allegations of paragraph 2 of the Amended Complaint.

- 1 -

3.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3 of the Amended Complaint.

4.      At the time of the loss, Defendants admit the allegations in paragraph 4 of the Amended Complaint that ENKO was a New Jersey corporation with a principal place of business at 70 Hudson Street, Suite 4A, Hoboken, New Jersey, but except as specifically admitted, deny the rest and remainder of the allegations contained in paragraph 4 of the Amended Complaint.

5.      Defendants admit  the allegations in paragraph 5 of the Amended Complaint.

6.      Defendants admit that Henry is a resident of the state of New York, but denies the remaining allegations in paragraph 6 of the Amended Complaint.

## GENERAL ALLEGATIONS

7.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 7 of the Amended Complaint.

8.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of the Amended Complaint.

9.      Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of the Amended Complaint.

10.     Defendants deny the allegations in paragraph 10 of the Amended Complaint.

11.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 11 of the Amended Complaint.

12.     Defendants deny the allegations in paragraph 12 of the Amended Complaint,

13.     Defendants deny the allegations in paragraph 13 of the Amended Complaint.

14.     Defendants deny the allegations in paragraph 14 of the Amended Complaint.

15.     Defendants deny the allegations in paragraph 15 of the Amended Complaint.

16.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Amended Complaint.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 17 of the Amended Complaint.

18.     Denies the allegations in paragraph 18 of the Amended Complaint.

19.     Defendants deny the allegations in paragraph 19 of the Amended Complaint.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 20 of the Amended Complaint.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 21 of the Amended Complaint.

22.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 22 of the Amended Complaint

23.     Defendants deny the allegations in paragraph 23 of the Amended Complaint.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 24 of the Amended Complaint.

25.     Defendants deny the allegations in paragraph 25 of the Amended Complaint.

## FIRST CAUSE OF ACTION:

26.     Defendants repeat and reiterate their responses to each and every allegation contained in paragraph "1" through "26''of the Amended Complaint as if more fully set forth herein.

27.     ENKO denies the allegations in paragraph 27 of the Amended Complaint.

- 3 -

28.   ENKO denies the allegations in paragraph 28 of the Amended Complaint.

29.   ENKO denies the allegations in paragraph 29 of the Amended Complaint.

30.   ENKO denies the allegations in paragraph 30 of the Amended Complaint.

31.   ENKO denies the allegations in paragraph 31 of the Amended Complaint.

## SECOND CAUSE OF ACTION:

32.   Defendants repeat and reiterate their responses to each and every allegation contained in paragraphs "1" through "32" of the Amended Complaint as if more fully set forth at herein.

33.   HENRY denies the allegations in paragraph 33 of the Amended Complaint.

34.   HENRY denies the allegations in paragraph 34 of the Amended Complaint.

35.   HENRY denies the allegations in paragraph 35 of the Amended Complaint.

36.   HENRY denies the allegations in paragraph 36 of the Amended Complaint.

37.   HENRY denies the allegations in paragraph 37 of the Amended Complaint.

## THIRD CAUSE OF ACTION:

38.   Defendants repeat and reiterate their responses to each and every allegation contained in paragraphs "1" through "38" of the Amended Complaint as if more fully set forth at length herein.

39.   ENKO denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 39 of the Amended Complaint.

40.   ENKO denies the allegations in paragraph 40 of the Amended Complaint.

41.   ENKO denies the allegations in paragraph 41 of the Amended Complaint.

42.   ENKO denies the allegations in paragraph 42 of the Amended Complaint.

43.   ENKO denies the allegations in paragraph 43 of the Amended Complaint.

## FOURTH CAUSE OF ACTION:

44.     Defendants repeat and reiterate their responses to each and every allegation contained in paragraphs "1" through "44" of the Amended Complaint as if more fully set forth at length herein.

45.     HENRY denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 45 of the Amended Complaint.

46.     HENRY denies the allegations in paragraph 46 of the Amended Complaint.

47.     HENRY denies the allegations in paragraph 47 of the Amended Complaint.

48.     HENRY denies the allegations in paragraph 48 of the Amended Complaint.

49.     HENRY denies the allegations in paragraph 49 of the Amended Complaint.

## FIFTH CAUSE OF ACTION:

50.     Defendants repeat and reiterate their responses to each and every allegation contained in paragraphs "1" through "50" of the Amended Complaint as if more fully set forth at length herein.

51.     Defendants deny the allegations in paragraph 51 of the Amended Complaint.

52.     Defendants deny the allegations in paragraph 52 of the Amended Complaint.

53.     Defendants deny  the allegations in paragraph 53 of the Amended Complaint.

54.     Defendants deny the allegations in paragraph 54 of the Amended Complaint.

55.     Defendants deny the allegations in paragraph 55 of the Amended Complaint.

## SIXTH CAUSE OF ACTION:

56.     Defendants repeat and reiterate their responses to each and every allegation contained in paragraphs "1" through "56" of the Amended Complaint as if more fully set forth at length herein.

57.     Defendants deny the allegations contained in paragraph 57 of the Amended Complaint.

58.    Defendants deny the allegations contained in paragraph 58 of the Amended Complaint.

59.    Defendants deny the allegations contained in paragraph 59 of the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

60.    The Amended Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

61.    The injuries, damages and/or illnesses to the plaintiffs, if any, arose out of certain risks, dangers and hazards, all of which were open, obvious and well-known to plaintiffs at and before the time of said injuries, damages and/or illnesses were sustained and all of said risks, dangers and hazards had been assumed by plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

62.    Defendant, ENKO, as bareboat charterer/owner *pro hac vice* of the tug JENNY ANNE, alleges, upon information and belief, that the matters and things, if any, complained of in the Amended Complaint were done, occasioned and incurred without the privity or knowledge of ENKO and ENKO invokes its rights under 46 U.S.C. §§ 30501 *et seq.*, and the various statutes supplementary thereto and amendatory thereof for Exoneration from or Limitation of Liability.

### FOURTH AFFIRMATIVE DEFENSE

63.    Plaintiffs' vessel was not fit for its intended purpose and was not seaworthy.

### FIFTH AFFIRMATIVE DEFENSE

64.    If the plaintiffs sustained any damage, loss, injury or illness as alleged in the Amended Complaint, said damage, loss, injury or illness was caused, in whole or in part, by plaintiffs' own negligence and, was not caused or contributed to in any manner by any negligence of defendants.

- 6 -

## SIXTH AFFIRMATIVE DEFENSE

65.     If the plaintiffs sustained any damage, loss, injury or illness as alleged in the Amended

Complaint, said damage, loss, injury or illness was caused, in whole or in part, by the negligence of

third parties who are not under the control of defendants and whom defendants exercises no legal

authority and cannot be held liable as a matter of law.

    **WHEREFORE**, Defendants pray that the Amended Complaint be dismissed with costs to

the defendants against plaintiffs, and for the Court to grant defendants such other, further and

different relief as the court deems just and proper.

Dated:  New York, New York
        June 30, 2011

                                        Respectfully submitted,

                                        RUBIN, FIORELLA & FRIEDMAN, LLP
                                        *Attorneys for Defendants*


                                        By:____s/ James E. Mercante____
                                            James E. Mercante
                                            Keith A. Brady



To: Luke Tynan, Esq.
    Karaahmet Luz & Greenberg LLP
    370 Lexington Avenue, 24th Floor
    New York, New York 11501
    Attorneys for Plaintiffs


                            - 7 -